Filed 8/31/2017 6:05 PM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Sandy Garcia

CAUSE NO. __33411__

| | | |
|---|---|---|
| ALGC, INC,<br>        Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | VAL VERDE COUNTY, TEXAS |
| UNITED STATES LIABILITY<br>INSURANCE GROUP, NCA<br>INSURANCE AGENCY, INC.,<br>WILLIAM ROHRMAN, MARK<br>KELLEY AND GEORGE CLINTON,<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | __83RD__ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ALGC, INC. ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of United States Liability Insurance Group ("USLIG"), NCA Insurance Agency Inc., ("NCA") William Rohrman ("Rohrman"), Mark Kelley ("Kelley"), and George Clinton ("Clinton") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues involving a weather related claim on a commercial building under a commercial insurance policy. There are numerous Texas Insurance Code Statutes involved governing the handling and adjustment of the claim. The issues involved in this dispute and between the parties and their respective duties will require extensive discovery. Plaintiff will ask the Court to order that discovery



be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**PARTIES**

2.  Plaintiff ALGC, Inc. is a business located in and owning property in Val Verde County, Texas.

3.  Defendant United States Liability Insurance Group ("USLIG") is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process by serving its Attorney for Service, Lisa Mann, Brigham, Mann & House, 4500 Yoakum Blvd Houston, Texas 77006.

4.  Defendant NCA is an adjusting company engaged in the business of adjusting insurance claims in the State of Texas. This defendant may be served with personal process by serving Attn: President or Highest Ranking Officer 855 Uvalde Road Ste. C Houston, Texas 77015 or by serving its Registered Agent: Martha M. Hammock 14314 Arborcrest Street Houston Texas 77062.

5.  Defendant William Rohrman is an individual residing in and domiciled outside of the State of Texas. This defendant may be served with personal process at 1190 Devon Park Dr. Wayne, PA 19087, or whereever he may be found.

6.  Defendant Mark Kelley is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process at 5503 Newcome San Antonio, 78240, or wherever he may be found.

7.  Defendant George Clinton is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at 3100 S. Gessner Ste 400 Houston, Texas 77063, or wherever he may be found.

## JURISDICTION

8.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $1,000,000.  Plaintiff reserves the right to amend its petition during and/or after the discovery process.

9.    The Court has jurisdiction over Defendant USLIG because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

10.    The Court has jurisdiction over Defendant NCA because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

11.    The Court has jurisdiction over Defendant Rorhman because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

12.    The Court has jurisdiction over Defendant Kelley because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

13.    The Court has jurisdiction over Defendant Clinton because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

14.    Plaintiff is not making any claims for relief under federal law against any Defendant nor does this lawsuit involve a federal question.

**VENUE**

15.     Venue is proper in Val Verde County, Texas, because the insured property is situated in
        Val Verde County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

**FACTS**

16.     Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as
        "the Policy"), which was issued by USLIG. Plaintiff owns the insured property, which is
        specifically located at 2210 Doodson Blvd Building 1 and 2 Del Rio, Texas 78840, in Val
        Verde County (hereinafter referred to as "the Property" or "Plaintiff's Property"). USLIG
        sold the Policy insuring the Property to Plaintiff.

17.     On or around February 22, 2016, a hail storm and/or windstorm struck Val Verde County,
        Texas, causing severe damage to homes and businesses throughout the area, including
        Plaintiff's Property ("the Storm"). The roof of the Property sustained damage during the
        Storm. Water intrusion through the roof caused significant damage throughout the entire
        Property including, but not limited to, the Property's ceilings, walls, exterior, insulation,
        and interior of the Property. Plaintiff's Property also sustained substantial structural and
        exterior damage during the Storm. Plaintiff filed a claim with its insurance company,
        USLIG, for the damages to its property caused by the Storm.

18.     Plaintiff submitted a claim to USLIG against the Policy for roof damage, structural damage,
        water damage, and wind damage the Property sustained as a result of the Storm. Plaintiff
        asked that USLIG cover the cost of repairs to the Property pursuant to the Policy, including,
        but not limited to, replacement of the roof and replacement and/or repair of the interior
        water damages and exterior damages such as the damage to the HVAC units.

19.     Defendant USLIG assigned Defendant Rohrman to adjust the claim. Defendant Rohrman,

on behalf of USLIG, then assigned Defendant NCA to adjust the claim. Defendant NCA then assigned Defendants Kelley and Clinton to be the individual adjusters on the claim.

20.    The adjusters were improperly trained and failed to perform a thorough investigation of Plaintiff's claim. On or about April 26, 2016, Kelley conducted an unreasonable and substandard inspection of the Property. As evidenced in his estimate report dated September 2016, Kelley's inspection found storm damage to limited areas of Plaintiff's roof(s), fascia, window screens and air conditioner. Not only did Kelley omit several covered damages from his report, but the damages that were included in his estimate were merely for the repair of some damages, including the roof, rather than their replacement which was warranted by the severity of the Storm damages. The unreasonableness and inadequacy of Kelley's inspection is also evidenced by his report, which failed to include all of Plaintiff's Storm damages noted upon inspection, only included damage to the roof and minimal damage to the exterior of the property. Moreover, the damage to the roof, fascia, windows and air conditioner that Kelley actually included in his report were grossly undervalued. Ultimately, Kelley failed to properly scope Plaintiff's damages, underestimated, and undervalued the cost of repairs to the damaged items, thereby failing to allow adequate funds to cover the cost of repairs to all the damages sustained. Further, Kelley inadequate investigation was relied upon by Defendants USLIG and Rohrman in this action and resulted in Plaintiff's claim being undervalued and underpaid.

21.    After disputing Kelley's findings, on or about March of 2016, Defendant USLIG and/or Defendant Rohrman and/or Defendant NCA and/or Defendant Kelley hired Rimkus Consulting Group, Inc. ("Rimkus"), an engineering firm known to be hired guns to the insurance industry, to inspect the Property to determine cause and origin of the loss. As

expected, Rimkus opined that the roof has sustained dents from hail but that it did not cause any damage; instead Rimkus asserted the roof had damage from deterioration or faulty installation and that was the reason for leaks to the interior of the property. Likewise, after inspecting only four of the nine HVAC units damaged by the Storm, Rimkus also opined the HVAC units were not damaged, but rather just in need of some general maintenance. Ultimately, Rimkus' findings rendered Plaintiff's damage to the roof(s) and HVAC units to be an uncovered loss under the property.

22. The severity of the damages and mishandling of Plaintiff's claim lead Plaintiff to seek the services of a public adjuster to assist on the claim. The public adjuster also conducted several inspections of the property and was present for many of the inspections conducted by Rimkus, yet found the damage to be a covered loss under the terms of the policy.

23. Even though Defendants were aware of damage and the public adjuster's stance that the loss was covered under the policy, on or about October 2016, Kelley sent the public adjuster a revised estimate of his initial report. This time, perhaps prompted by the inclusion of a public adjuster, Kelley's damage report for Plaintiff's Property included an damages amounting to 50% more than was previously allowed for by his most recent September 2016 estimate- a discrepancy further evidencing Defendants' inadequate inspection and mishandling of Plaintiff's claim.

24. After receiving Defendants' revised October 2016 estimate, Defendants finally decided to issue payment on Plaintiff's claim-about 7 months after the claim was filed. More importantly, the amount issued, was wholly deficient to cover all the necessary repairs to Plaintiff's Property. Specifically, on November 16, 2016, Defendant sent a letter to Plaintiff and the public adjuster stating the issued payment was subject to a co-insurance

provision in the Policy. The co-insurance provision in Plaintiff's Policy limits Plaintiff's ability to recovery by a formula as assessed freely by Defendant. This self-serving formula, then yields a percentage which is considered against the policy limits. The percentage is used to determine what amount will be paid of Plaintiff's Actual Cash Value. Defendant Clinton was assigned to value the property for purposes of the co-insurance formula. Consistent with the manner in which Plaintiff's claim was mishandled thus far, Defendant Clinton values the property at an amount that would yield low payments according to the formula. In other words, although Defendants most recently revised estimate found damages to Plaintiff's Property amounting to over $188,000 at RCV – an amount still significantly less than the public adjuster's estimate for damages- the Defendant friendly co-insurance provision net Plaintiff approximately $140,000 – about half the amount of actual damages found by the public adjuster. To date, Plaintiff has yet to receive full payment on this claim for damages sustained by the storm.

25.     Together, Defendants USLIG, NCA, Rohrman, Kelly, and Clinton, set out to deny Plaintiff's claim by conducting an outcome oriented investigation of Plaintiff's claim. Among many instances, Defendants first sought to deny many covered damages by under estimating and underscoring Plaintiff's damages, next by hiring Rimkus to conduct its own outcome oriented investigation of Plaintiff's claim, then by valuing Plaintiff's property to benefit USLIG via the self-serving co-insurance calculation.

26.     Moreover, the adjusters assigned to Plaintiff's claim were improperly trained and failed to perform a thorough investigation of Plaintiff's claim. The adjusters assigned to Plaintiff's claim were aware of Rimkus' reputation and the likelihood of it concluding against the coverage of Plaintiff's claim - a probable reason for Defendants' use of Rimkus on

Plaintiff's claim. By relying on Rimkus' faulty, biased determinations as to the cause and origin of damage, Plaintiff's claim was improperly adjusted and Plaintiff was denied the adequate funds necessary to complete the repairs. The mishandling of Plaintiff's claim has also caused a delay in its ability to fully repair its Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which it is entitled under the Policy.

27. As detailed in the paragraphs below, USLIG wrongfully denied Plaintiff's claim for repairs of the Property. Furthermore, USLIG under-scoped the damages during its investigation.

28. To date, USLIG continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to its Property.

29. Defendant USLIG failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full amount to cover damages under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. USLIG conduct constitutes a breach of the insurance contract between USLIG and Plaintiff.

30. Defendants USLIG, NCA, Rohrman, Kelly and Clinton misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants USLIG, NCA, Rohrman, Kelly and Clinton's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(1).

31. Defendants USLIG, NCA, Rohrman, Kelly and Clinton failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff

under the Policy. Defendants USLIG, NCA, Rohrman, Kelly and Clinton's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(2)(A).

32. Defendants USLIG, NCA, Rohrman, Kelly and Clinton failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant USLIG, NCA, Rohrman, Kelly and Clinton failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Defendants USLIG, NCA, Rohrman, Kelly and Clinton did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants USLIG, NCA, Rohrman, Kelly and Clinton's conduct is a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(3).

33. Defendants USLIG, NCA, Rohrman, Kelly and Clinton failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants USLIG, NCA, Rohrman, Kelly and Clinton. Defendants USLIG, NCA, Rohrman, Kelly and Clinton's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(4).

34. Defendants USLIG, NCA, Rohrman, Kelly and Clinton refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants USLIG, NCA, Rohrman, Kelly and Clinton failed to conduct a reasonable investigation. Defendants USLIG, NCA, Rohrman, Kelly and Clinton performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants USLIG, NCA, Rohrman, Kelly and Clinton's conduct constitutes

a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(7).

35.     Defendant USLIG failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. USLIG's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.055.

36.     Defendant USLIG failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. USLIG's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.056.

37.     Defendant USLIG failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for their claim. USLIG's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.058.

38.     From the time Plaintiff's claim was presented to Defendant USLIG, the liability of USLIG to pay the full claim in accordance with the terms of the Policy was reasonably clear. USLIG has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. USLIG's conduct constitutes a breach of the common law duty of good faith and fair dealing.

39.     Defendants USLIG, NCA, Rohrman, Kelly and Clinton knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

40.     As a result of Defendants USLIG, NCA, Rohrman, Kelly and Clinton's wrongful acts and

omissions, Plaintiff was forced to retain the professional services of the law firm who is representing them with respect to these causes of action.

41.   Plaintiff's experience is not an isolated case. The acts and omissions USLIG committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of USLIG with regard to handling these types of claims. USLIG's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST USLIG ONLY

42.   Defendant USLIG is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

#### BREACH OF CONTRACT

43.   Defendant USLIG's conduct constitutes a breach of the insurance contract made between USLIG and Plaintiff.

44.   Defendant USLIG's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of USLIG's insurance contract with Plaintiff.

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

45.   Defendant USLIG's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

46. Defendant USLIG's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47. Defendant USLIG's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though USLIG's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48. Defendant USLIG's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49. Defendant USLIG's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

50. Defendant USLIG's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

51. Defendant USLIG's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

52. Defendant USLIG's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

53. Defendant USLIG's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

54. Defendant USLIG's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

55. As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendants NCA, Rohrman, Kelly, and Clinton are agents of USLIG based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

56. Separately, and/or in the alternative, as referenced and described above, USLIG ratified the actions and conduct of Defendants NCA, Rohrman, Kelly, and Clinton including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

57.   Defendant USLIG's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

58.   Defendant USLIG's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, USLIG knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### CAUSES OF ACTION AGAINST ROHRMAN, KELLEY AND CLINTON

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

59.   Defendant USLIG and/or NCA assigned Defendants Rohrman, Kelley, and Clinton to adjust the claim.  Defendants Rohrman, Kelley and Clinton were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.  Specifically, during all phases of the investigation, Defendants Rohrman, Kelley and Clinton failed to properly assess Plaintiff's hail storm and/or windstorm damages. Defendants Rohrman, Kelley and/or Clinton misrepresented that Plaintiff's damages were not covered under the Policy, when, in fact, the damages would have been much greater had a reasonable investigation been conducted.

60.   Defendants Rohrman, Kelley and Clinton actively participated in the adjustment of Plaintiff's claim, but failed to conduct a reasonable investigation.  Defendant Rohrman failed to thoroughly review Defendant Clinton and Kelley's assessments of the claim and/or property and ultimately approved and/or submitted an inaccurate report of the damages.  Had Defendant Rohrman even performed a cursory review of Clinton and/or Kelley's work on Plaintiff's claim, it would have been clear that Plaintiff's claim was completely mishandled.

61.    Defendants Rohrman, Kelley and Clinton's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

62.    Defendants Rohrman, Kelley and Clinton are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of USLIG, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

63.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendants Rohrman, Kelley and Clinton unfair settlement practice, as described above and the example given

herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

64.   Defendants Rohrman, Kelley and Clinton unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

65.   Defendants Rohrman, Kelley and Clinton failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Rohrman, Kelley and Clinton failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendants Rohrman, Kelley and Clinton as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

66.   Defendants Rohrman, Kelley and Clinton unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

67.     Defendants Rohrman, Kelley and Clinton did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, although reported by Plaintiff to USLIG. Defendants Rohrman, Kelley and Clinton's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

### CAUSES OF ACTION AGAINST DEFENDANTS NCA

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

68.     NCA's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

69.     NCA's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

70.     NCA's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

71.     Defendant NCA's unfair settlement practice, as described above, of failing to promptly

provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS CODE §541.060(a)(3).

72. Defendant NCA's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

73. Defendant NCA's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

### KNOWLEDGE

74. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

75. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

76. As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants USLIG, NCA. Rohrman, Kelley and Clinton's mishandling of

Plaintiff's' claim in violation of the laws set forth above.

77.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

78.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times its actual damages. TEX. INS. CODE §541.152.

79.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

80.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

81.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

82.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury

consisting of citizens residing in Val Verde County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## REQUEST FOR DISCLOSURE

83.   Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material requested in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,


*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocket@merlinlawgroup.com
J. Ryan Fowler
State Bar No. 24058357
jrfowler@merlinlawgroup.com
**Merlin Law Group, P.A.**
515 Post Oak Blvd. Ste 750
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)

## ATTORNEYS FOR PLAINTIFF

09.2455816

### FOR SHERIFF'S RETURN
## CITATION PERSONAL SERVICE

**THE STATE OF TEXAS:**                          Cause No. **33411**

ALGC, INC.,
Plaintiff                                                     §
                                                                  §
VS                                                            §         IN THE DISTRICT COURT
                                                                  §
UNITED STATES LIABILITY INSURANCE GROUP,     §         83RD JUDICIAL DISTRICT
NCA INSURANCE AGENCY, INC., WILLIAM              §
ROHRMAN, MARK KELLEY AND GEORGE             §         VAL VERDE COUNTY, TEXAS
CLINTON,                                                  §
Defendants                                               §

**TO: UNITED STATES LIABILITY INSURANCE GROUP, BY SERVING ITS ATTORNEY FOR SERVICE, LISA MANN, BRIGHAM, MANN & HOUSE, 4500 Yoakum Blvd, Houston, Harris County, Texas 77006;** Defendant - GREETINGS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 83rd Judicial District Court of Val Verde County, at the Courthouse, 100 E. Broadway, 3rd Floor, in said County in Del Rio, Texas. Said Plaintiff's Original Petition was filed in said court on the 31st day of August, 2017 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Del Rio, Texas this 13th day of September, 2017.

Attorney for Plaintiff (or Plaintiff):
Rene M. Sigman
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Ste 750
Houston, Texas 77027

Clerk of the Court:
**JO ANN CERVANTES, DISTRICT CLERK**
63rd & 83rd District Courts
Val Verde County, Texas
P.O. Box 1544, Del Rio, Texas 78841-1544
By: _____
Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____ 2017 at _____ o'clock ___ M and executed by delivering to defendant _____ In person, a true copy of this citation with a copy of the petition attached thereto on the _____ day of _____ at _____ o'clock ___ M at _____
_____ in _____ County, Texas.
[ ] Not executed. The diligence use in finding defendant being _____
_____
[ ] Information received as to the whereabouts of defendant being _____
_____.
Fees ........... $_____                    _____
Sheriff/Constable

Service I.D. No. _____              _____ County, Texas
                                                      By: _____
                                                      Deputy/Authorized Person

### VERIFICATION
On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Val Verde County Courts to serve process.
Subscribed and sworn to before me on this the _____ day of _____, 2017.

_____, Notary Public